28289. WORTHAM *v.* CORLEY.

Decided June 14, 1940.

*H. W. McLarty,* for plaintiff in error.

*Poole, Pearce, Richardson & Graham,* contra.

Per Curiam. J. A. Corley brought suit against W. R. Wortham, to recover $350 and interest on a note which it was alleged was executed by the defendant on August 1, 1931, and delivered to E. R. Fetzer and by the latter transferred to the plaintiff before the suit, an alleged substantial copy of the note being attached to the

petition. The defendant filed a general denial and plea of non est factum.. The evidence for the plaintiff was substantially as follows:

The plaintiff testified, that E. R. Fetzer had operated a drycleaning business as Sanitex Cleaners, was his brother-in-law, and was indebted to him in the sum of $400; and that he sold his business to the defendant; that Fetzer and the defendant and the witness agreed that the defendant would assume, and he did assume, "that note, but leave it standing in Ed' Fetzer's name, and Ed Fetzer, standing on the sidewalk in front of Wortham, handed the note to me;" that Fetzer at that time paid the witness $50 on the $400 owed him; that the defendant signed a note for $350 payable to Fetzer, due twelve months from date, on the same form as shown by the exhibit attached to the petition; that the defendant said just to let the note stand like it was, and he could pay the plaintiff just like he could pay Fetzer, and the witness did not know that he denied the transaction until the case came up; that when the note came due in twelve months he continually promised to pay it but has never paid a dime, but in these conversations never denied owing the money or signing the note; that he told the defendant he could pay on it as often as he wanted to in any amount, as the defendant said he could not pay it all at once, and he was given plenty of time to pay it; that when Fetzer turned the note over to him at that time he was in front of his own house with the other two, and went to the house and handed the note to his sister, Mrs. Fetzer, and asked her to put it away, and that was the last time he saw it; that in some way it got misplaced during the packing and the moving of the Fetzer family to California, but Wortham continued to promise to pay it, and he indulged him because Wortham was his neighbor and he wanted to be lenient with him; that the defendant has paid nothing but has done some drycleaning and shoe repairing for him and kept a record of it to apply against the note; that he was not present when the papers were signed for the purchase by Wortham of the Sanitex Cleaners, but the $350 note was in the contract and he saw the note; that it was transferred to him manually in front of his house in November, 1931, Fetzer handing it to him in Wortham's presence; that they were talking about transferring the note from Fetzer's name, and Wortham agreed to let it stand like it was; that on October 6, 1938,

the note was transferred to him by a separate writing, which he identified, but that no transfer was made on the note itself.

E. R. Fetzer testified by deposition, that on or about August 1, 1931, he sold his dry-cleaning business, which he had operated as "Sanitex Cleaners," to the defendant for some cash and notes, and as part of the transaction the defendant executed and delivered the note sued on; that at that time he was indebted to the plaintiff $350, and it was agreed between him and the defendant that the defendant would pay the amount of the note to the plaintiff at maturity; that he thereafter moved to California and left the note with his wife, but in some way it was misplaced and could not be found, though diligently searched for; that the copy of the note attached to the petition was a substantial copy of the note given him; that he executed an assignment of the note to the plaintiff; that the defendant said he would pay the note from the proceeds of a sale of a farm, and never denied owing the note, and the witness told him that interest would be waived if he paid it within ninety days; that the entire consideration of the sale of the business was $1750; that the defendant gave him a series of notes, possibly twelve, and the witness sold them to a loan company, but did not remember the amounts of the notes, dates, rate of interest, or maturity; that Crip Wofford, an attorney, was present when the note sued on was drawn, and it was given to the witness's wife to give to the plaintiff, and the defendant told the plaintiff he would pay him; that the note sued on was a part of the sale of the Sanitex Cleaners and was transferred to the plaintiff on the day it was drawn; that the defendant asked if it would be all right for him to take over what the witness owed the plaintiff, and the plaintiff agreed; that he indorsed his name on the note, and the reason he did not deliver it to Corley was that Corley was not there at the time, and he gave it to his wife for Corley; that in California he signed an assignment of the note to Corley on or about October 6, 1938; and that the note was executed at the time the bill of sale was signed.

The defendant testified, that he never signed the note for $350, never discussed a $350 note with Corley, never had a conversation with Fetzer about paying any money whatever to Corley, and never heard of the note sued on until notified about it by lawyers in 1938; that he entered into a contract (which he identified) with

E. R. Fetzer, drawn by J. B. Wofford, and signed on May 16, 1932, for the purchase of the Sanitex Cleaners; that he agreed to give $650 cash and paid Fetzer this amount "in cash money," and also gave him $600 in notes of $25 each, and Fetzer sold them to the Georgia Finance Company; that as the rest of the purchase-price he assumed a debt of the seller, evidenced by some notes to Mc-Cleary Brothers and held by American Discount Company, the amount being shown in the contract; that he never received any letters from Fetzer or any demand from Corley; that the alleged conversations by Fetzer and Corley with him in regard to paying a $350 note or selling his farm in order to pay it never took place; that he has paid the twenty-four notes, the cash consideration, and also the $450 debt to McCleary Brothers which he assumed in the trade; that Corley never asked him for one penny; that he did not have any transaction with Fetzer nine or ten months before the sale in 1932, and owes him nothing; that he did some work for Corley, and every penny was paid; that he did not put it in an account book, did not keep account books, did not have a ledger or bookkeeper; that Eva Seals worked for him in 1932 and part of 1933, and was working for Fetzer when the sale was made; and that she did the spotting on silk dresses and such, but did no bookkeeping.

J. B. Wofford testified. for the defendant, that he drew the contract between Fetzer and Wortham for the sale of Sanitex Cleaners, and drew all of the notes in connection with the trade; that both parties signed the contract and one Jenkins witnessed it; that the $650 cash price and twenty-four notes and the assumption of the $450 debt for equipment purchased by Fetzer comprised the entire transaction; that he did not hear anything about a $350 note; that he drew the contract according to information each of the parties gave him, and they said it was the entire transaction, although Wortham did not tell him that he did not have an indebtedness to Fetzer or Corley other than that, and nothing was said in that respect.

H. D. Jenkins Jr. testified that he remembered working in 1932 for Wortham on Tenth Street, and about Wortham bringing some papers out there to sign; and that the contract was agreed to by Fetzer and Wortham in his presence, and he witnessed it at their request, but did not know its contents.

Mrs. Eva Seals testified, that she was working for Fetzer at the time he sold his business to Wortham, and continued with Wortham some time thereafter, checking clothes and running the cash register; that he did some credit business and kept some books, but she did not know what kind; that sometimes Corley would have work done, and Wortham told her to keep his tickets separate and turn them over to Mr. Mann, so the amount could be deducted from what he owed Corley when they had a settlement; that she let Corley have work done, and gave the tickets to Mr. Mann, Wortham's truck-driver, but she could not swear that there were any books to be kept as she did not see them.

The defendant, recalled, testified that he instructed Mrs. Seals to turn the tickets over to Mann, but the only tickets ever kept separately were those of city firemen who got paid only twice a month, and that he did not tell her he was holding out Corley's tickets for settlement through Mr. Mann.

The following documentary evidence was introduced: A specimen blank note which the plaintiff testified was one similar to that for $350 which the defendant had signed, which original had been lost. An assignment signed by E. R. Fetzer, dated October 6, 1938, transferring to J. A. Corley all of his title and interest in and to a certain promissory note dated "between May and August, 1931, made payable to myself, and signed by W. R. Wortham, in the principal amount of $350. Said note maturing in one year from date thereof, and bearing interest at the rate of 8 per cent. per annum." A contract signed by E. R. Fetzer and W. R. Wortham, dated May 16, 1932, for the sale by Fetzer of certain dry-cleaning equipment of Sanitex Cleaners, in which name Fetzer did business at 528 Tenth Street in Atlanta, Georgia, for a consideration of $650 cash, twenty-four notes of $25 each, and the assumption of a $450 debt due by Fetzer to American Discount Company for certain equipment, the contract having been witnessed by Henry Jenkins Jr. and J. B. Wofford. Specimen of one of the twenty-four notes of $25 each, recited in the contract, dated May 16, 1932, payable on or before June 16, 1932, to E. R. Fetzer, with interest at six per cent. per annum from May 16, 1932, signed by W. R. Wortham, and reciting that it was one of a series of twenty-four notes, aggregating $600, evidenced by a contract of the same date between E. R. Fetzer and W. R. Wortham.

The jury returned a verdict in favor of the plaintiff. The defendant's motion for new trial, on general grounds and special grounds, was overruled and the exception is to the judgment overruling the motion.

■ The evidence, though conflicting, was sufficient to authorize the verdict in favor of the plaintiff.

■ The special grounds of the motion for new trial are not here set out in detail, but have been carefully examined, and are without merit.

■ The court did not err in overruling the motion.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. While it is well settled that a jury's verdict will be upheld where there is any reasonable evidence to support it, and no error of law appears to have been made on the trial, I do not think that the testimony on behalf of the plaintiff in the present case, when tested by other evidence in the record, is such as to entitle the plaintiff to recover. The note sued on, having been lost, was not in evidence. It is true that the plaintiff and his brother-in-law, Fetzer, out of the sale of whose business the note sued on originated, if at all, testified positively that it was executed and delivered by the defendant, and, despite the denial by the defendant, the jury would be authorized to accept as true the testimony of the other two, except for the fact that the other evidence makes such testimony incredible. Inasmuch as the testimony for the plaintiff was that this alleged note existed only *as one of the notes in the contract for the sale of the Sanitex Cleaners* which Fetzer owned, and was not given as a consideration which was additional to that expressed in the contract, it necessarily follows that if the terms of the contract do not evidence such a note, the testimony of the plaintiff and the witness Fetzer is thereby impeached. Code, § 38-1802. The defendant introduced in evidence the contract which was signed by him and Fetzer. It was drawn by an attorney, who testified that each of the parties expressly stated that the consideration was as stated in the contract, and that nothing was said to him about a $350 note. These terms are shown in the contract as $650 cash, $600 in notes, twenty-four at $25 each, and the assumption of a $450 debt owed by Fetzer for some equipment. Neither Fetzer nor the plaintiff denied that such statement was made to the attorney. It is not even contended in

the brief of counsel for defendant in error that notes in excess of $600 were executed or promised. It is contended only that one of the notes in the contract was for $350, and the written instrument shows that this is not true. It is not made to appear, or even suggested, that after its execution the contract was modified in any respect. The defendant testified that he paid the full amount of the notes, and all of the twenty-four notes, to the finance company to whom the plaintiff sold them. The execution of a $350 note as part of the contract of purchase might be reconciled under one of three theories: (1) That the note was a consideration separate and apart from those recited in the contract; but the plaintiff did not so assert, and he testified that the note sued on was one of the notes of the contract. The written contract shows such claim to be totally without substance. (2) That after the contract was signed, as to which there is no dispute, it was agreed between the parties that inasmuch as Fetzer owed the plaintiff $350 the defendant should pay that amount to the plaintiff and evidence the same by a note to Fetzer in that sum, but pay to Fetzer only the difference between $600 worth of notes and the note of $350. But there is no such contention as to modification of the contract, and the uncontradicted evidence is that Fetzer was given all of the notes specified in the written contract, that he sold them to a finance company, and that they were all paid by the defendant. If the plaintiff regarded such testimony as false, it would have been a simple matter, if untrue, to discredit the testimony of the defendant by summoning as a witness some proper employee of the finance company in Atlanta, where the case was tried, and to whom the notes were sold by Fetzer and paid by the defendant. (3) That after the execution of the contract the parties agreed that instead of the defendant paying $650 in cash, as stipulated, he would execute and deliver a note for $350, to be paid to the plaintiff although executed to the seller, and would pay to the seller, Fetzer, only the difference of $300 in cash. But, again, no such modification is contended, and the uncontradicted evidence of the defendant is that he paid all of the $650 "in cash money."

Inasmuch as the testimony of the defendant as to making payments under the terms of the written contract was not contradicted, and the only basis of the alleged note of $350 was that it was one of the notes in the contract as part payment for the Sanitex Clean-

ers, the entire consideration for which was shown to be $1700, and was not given as any other consideration, and the written contract shows that no such note was included therein, I think it should be held as a matter of law that the testimony of the plaintiff in respect to the execution and delivery by the defendant of a $350 note is incredible and set at naught by the very terms of the written contract itself and the other testimony in connection therewith. In the state of the evidence I am of the opinion that the verdict for the plaintiff was not authorized, and that the court erred in overruling the defendant's motion for new trial.